In the
**UNITED STATES DISTRICT COURT**
for the **SOUTHERN DISTRICT OF INDIANA,**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| *vs*. | ) CAUSE NO. 1:10-cv-807-JMS-TAB ) |
| **DAVID RAMOS**, | ) ) |
| Defendant. | ) |

**ENTRY**

**Plaintiff=s Motion for Summary Judgment [doc. 14]**
**Plaintiff=s Motion to Strike Exhibits [doc. 17]**

While riding as a passenger in a car owned and operated by David Hoover, defendant David Ramos was injured when a firearm that was brought into the car by another passenger, Robert James, discharged. Mr. Ramos filed a claim for his injuries under the uninsured-motorist=s coverage of his automobile insurance policy with plaintiff State Farm Mutual Automobile Company. In this suit and in the present motion for summary judgment, State Farm seeks a declaratory judgment that it Ais not obligated under the policy to provide uninsured motorist coverage for the damages caused to Defendant by Robert James . . . .@ Amended Complaint [doc. 12] at 2 (prayer for relief). For the reasons explained herein, State Farm=s motion for summary judgment is granted.

Following his injury, Mr. Ramos sued both Mr. Hoover and Mr. James in state court for negligence. The trial court granted a default judgment against Mr. James and granted summary judgment in favor of Mr. Hoover. While the court held that it was a jury question whether Mr.

1

Hoover owed a duty to Mr. Ramos, it ruled as a matter of law that Mr. Ramos incurred the risk of his injury and, therefore, could not recover from Mr. Hoover. On an unspecified date, Mr. Ramos presented a claim to State Farm, his insurer, under his "Car Policy," seeking $150,000[1] in uninsured motorist coverage for damages inflicted by Mr. James. Amended Complaint [doc. 12] ¶ 6 and Exhibit A. In June 2010, shortly after Mr. Ramos appealed and Mr. Hoover cross-appealed the state trial court's rulings regarding Mr. Hoover's liability, State Farm filed the present action in this Court seeking a declaratory judgment that there is no coverage under the policy for Mr. Ramos' injuries.

On October 5, 2010, the Indiana Court of Appeals issued an unpublished decision reversing both of the trial court's rulings regarding Mr. Hoover's liability and affirming its grant of judgment in favor of Mr. Hoover. The Court of Appeals summarized the relevant facts:

> On July 17, 2005, Hoover picked up Ramos at his house and together they attended a wedding in Marion, Indiana. After the wedding, they drove to the wedding reception in Gas City, Indiana. Once they arrived at the wedding reception, Ramos started drinking. At some point in the evening, Robert James (James) arrived at the reception with a woman whom Ramos presumed to be James' ex-wife. Ramos saw James become intoxicated, smoke marijuana, and take seizure medication pills. Ramos also noticed that James had a gun in the waistband of his pants and saw him flashing the gun around by pulling up his shirt and showing the gun handle to everyone at the reception. The fact that James had a gun concerned Ramos, because he stated that "[James] was intoxicated, [and] people do stupid things when they're intoxicated." (Appellant's App. p. 55). Ramos had also heard during the evening that James was mad at somebody his ex-wife used to work with and witnessed James get into an argument with his ex-wife at the reception. (Appellant's App. p. 54).

---

[1] State Farm states that Mr. Ramos was awarded a judgment in the amount of $150,000 against Mr. James. (Reply [doc. 18] at 1).

> At some point before Hoover and Ramos left the reception, James asked Hoover for a ride home. Ramos was aware that James would be riding in the car with them. Hoover, Ramos, James and another passenger, John Manton (Manton), were driving back to Marion, Indiana, and James sat in the back seat behind Ramos. Ramos heard Manton say to James "What are you doing?" and then heard the gun cock. (Appellant's App. pp. 113-14). After that noise, James' gun discharged and the bullet grazed the side of Ramos' head.

*Ramos v. James*, 934 N.E.2d 1268 (unpublished decision), 2010 WL 3873006, *1 (Ind. Ct. App., Oct. 5, 2010). On the question of Mr. Hoover's liability, the Court of Appeals first held that the trial court erred when it treated Mr. Ramos' incurred risk as a complete defense rather than as "subsumed by the concept of fault in our comparative fault scheme." *Id.* (quoting *Heck v. Robey*, 659 N.E.2d 498, 504 (Ind. 1995), *abrogated on other grounds*, *Control Technologies, Inc. v. Johnson*, 762 N.E.2d 104 (Ind. 2002)). But Mr. Ramos obtained no benefit from this victory because the Court next ruled in Mr. Hoover's favor on his cross appeal, holding that the trial court also erred when it denied summary judgment on the issue of Mr. Hoover's duty to Mr. Ramos. The Court of Appeals relied on the standard for determining whether a duty exists that it declared in *Wagner v. Spurlock*, 803 N.E.2d 1174 (Ind. Ct. App. 2004):

> We held that as a general rule there is no duty to control the conduct of a third person as to prevent him from causing physical harm to another unless a special relationship exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or a special relationship exists between the actor and other which gives to the other a right to protection.

*Ramos*, 2010 WL 3873006, * 3. The Court then found, based on the facts of this case:

> Here, we find that there was no special relationship between Hoover and Ramos giving Ramos a right of protection or between Hoover and James giving Hoover a right of control. In the absence of such a relationship, there is no duty owed by Hoover to Ramos, and summary judgment should have been entered on this basis.

*Id*. Thus finding that Mr. Hoover was not liable to Mr. Ramos, the Court affirmed the trial court's

3

summary judgment against Mr. Ramos= claim against Mr. Hoover.

On October 26, 2010, State Farm filed the present motion for summary judgment, which Ashould be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.@ Fed. R. Civ. P. 56(c)(2). The uninsured motor vehicle coverage in State Farm=s policy with Mr. Hoover provides, in part, as follows:

> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.

Car Policy [doc. 12, Exhibit A] at p. 12. State Farm=s motion argues that, because Mr. Ramos is seeking coverage for injuries inflicted by Mr. James, who was neither the owner nor driver of the relevant uninsured motor vehicle, there is no coverage under the policy. (Brief [doc. 15] at p. [2]).

On November 4, 2010, Mr. Ramos filed his Petition to Transfer in the Indiana Supreme Court, asking the Court to hear his appeal from the decision of the Court of Appeals. Petition to Transfer [doc. 16-6]. Later that month, Mr. Ramos responded to State Farm=s motion for summary judgment in this case. He argues that State Farm misconstrues the basis for his claim under the policy: rather than being founded solely on Mr. James= liability as the immediate cause of his injuries, Mr. Ramos argues that his claim is based on Mr. Hoover=s negligence in allowing Mr. James to ride in the uninsured motor vehicle that Mr. Hoover both owned and drove. Although the Indiana Court of Appeals held that Mr. Hoover owed no duty to Mr. Ramos and, therefore, Mr. Ramos was not Alegally entitled to collect@ from the owner or driver of the uninsured motor vehicle, Mr. Ramos argued that this Court should either deny State Farm=s motion or stay

4

consideration thereof until the Indiana Supreme Court acts on his Petition to Transfer and clarifies any duty that Mr. Hoover owed to Mr. Ramos.

In its reply, State Farm argues that a stay is unnecessary because any action by the Indiana Supreme Court on Mr. Ramos= Petition is irrelevant to the declaratory judgment that it seeks in this Cause. State Farm contends that Mr. Ramos sought uninsured-motorist benefits specifically for the $150,000 state-court judgment that he obtained against Mr. James, Reply [doc. 18] at 1,[2] and it asserts that its declaratory-judgment suit is concerned solely with that one basis for coverage:

> State Farm=s Amended Complaint for Declaratory Judgment has nothing to do with any potential liability of David Hoover. David Hoover is not even a party to this suit. State Farm filed this declaratory judgment action to address its potential liability to Ramos for damages caused by Robert James. Therefore, Defendant=s response fails to provide any basis for this Court to deny State Farm=s Motion for Summary Judgment . . . .

*Id*. at 1-2 (citation omitted). The Amended Complaint tends to support State Farm=s asserted limited scope to this action. Although clearly identifying Mr. Hoover as the owner and driver of the vehicle in question, Amended Complaint & 4, the Amended Complaint seeks a declaratory judgment that APlaintiff is not obligated under the policy to provide uninsured motorist coverage for the damages caused to Defendant by Robert James,@ *id.* at 2 (prayer for relief), based on the two facts that (1) Mr. James was not the owner or driver of the vehicle, *id.* & 9, and (2) Mr. Ramos= injury was not caused by an accident and did not arise out of the operation, maintenance, or use of the vehicle, *id*. & 11. The Amended Complaint does not mention Mr. Hoover=s duty or liability to Mr. Ramos for any injuries caused by Mr. James, despite the trial court=s rulings thereon, and State

---

[2] Because no documentation of the claim that Mr. Ramos presented to State Farm was submitted on the present motion or otherwise appears in the record, the accuracy of this assertion could not be determined.

Farm's summary-judgment reply specifically denies any request for a declaration thereon, despite the Court of Appeals' decision in its favor on that issue and Mr. Ramos' description of the basis for his coverage claim.

On January 6, 2011, after briefing on the present motion closed, the Indiana Supreme Court denied Mr. Ramos' Petition to Transfer, thus rendering final the Court of Appeals' decision that, because Mr. Hoover owed no duty to Mr. Ramos, Mr. Ramos is not legally entitled to collect negligence damages from Mr. Hoover for the injuries inflicted by Mr. James. Because Mr. James did not appeal the $150,000 judgment against him, that judgment is final as well. Mr. Ramos clearly states that his claim for benefits under the policy is based on Mr. Hoover's negligence in failing to protect Mr. Ramos from the injury inflicted by Mr. James, not on the negligence of Mr. James:

> However, State Farm's simple framing of the claim, that "while riding as a passenger in David Hoover's vehicle on July 17, 2005, Ramos was shot in the back of the head by Robert James," ignores the gravamen of David Ramos' claim, *a negligence claim against Hoover*. . . .
>
> Ramos filed his claim against David Hoover as the owner and operator of the motor vehicle in which Ramos was a passenger a the time he was shot. *The claim by Ramos against Hoover alleges that Hoover was negligent in allowing Robert James to ride in the automobile in which Ramos was a passenger and Hoover was the driver, knowing that James possessed a firearm and was in a state of intoxication*.

Response [doc. 16] at 1-2 (emphases added). In addition, Mr. Ramos offered no response to State Farm's argument that its policy does not provide coverage for any right of Mr. Ramos to recover damages from Mr. James because Mr. James was neither the driver nor the owner of the uninsured vehicle. But while the Court of Appeals' decision and the Supreme Court's denial of transfer finally foreclose any negligence claim by Mr. Ramos against Mr. Hoover, State Farm was equally

explicit that this suit and its present motion for summary judgment do not encompass any legal entitlement by Mr. Ramos to collect from Mr. Hoover for his injuries, but is, instead, directed solely at Mr. Ramos= right to collect from Mr. James,³ and the determination of the viability of that claim did not depend on the Court of Appeals= decision or the Petition to Transfer. It appears that the parties have been litigating different cases.

The Court construes the Amended Complaint and the present motion consistent with State Farm=s construction: they are limited to the issue of the policy=s coverage for damages that Mr. Ramos is legally entitled to collect from Mr. James. As so limited, there is no dispute that Mr. James was neither the owner nor the driver of the uninsured motor vehicle in which Mr. Ramos was injured, which is a condition for coverage under the terms of the policy. Therefore, State Farm is entitled to judgment as a matter of law that such coverage does not exist.

State Farm=s motion for summary judgment [doc. 14] is GRANTED and State Farm=s motion to strike Mr. Ramos= exhibits [doc. 17] is DENIED.

**SO ORDERED**.

02/02/2011

_（signature）_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

³ As noted above, the language of the Amended Complaint supports that limited construction.

Distribution:

Robert A. Durham,
State Farm Litigation Counsel
indi.law-indyclc.366L18@statefarm.com

Alan D. Wilson
lawkokomo@sbcglobal.net